**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XIANDONG SUN,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 09-70764

Agency No. A099-455-563

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012**

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

    Xiandong Sun, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). We have

_____

      *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Sun's testimony and declaration stated that his father's death was partly attributable to stress caused by Sun's arrest and detention, but Sun's application indicated that his father was alive in China, and Sun failed to explain the discrepancy. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). In the absence of credible testimony, Sun's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Sun's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim also fails. *See id*. at 1156-57.

Finally, because Sun was given a full and fair hearing on his claims and a reasonable opportunity to present evidence, we reject his due process claims. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**